Dear Mr. Allen:
As Lafayette City Attorney, you have advised this office that the City of Lafayette Public Works Department has determined that drainage through the Dan Debaillon Coulee Project, which drains a substantial portion of north Lafayette, must be improved. The city engineers have determined that there are three alternative ways in which to accomplish this task, two of which are considerably more expensive than the third. From a monetary standpoint, therefore, the third alternative is the most attractive and would be adopted but for the fact that the land to be acquired by the City is being offered by the owner at more than five times its appraised value. Although the entire project would still be less expensive than the other two methods, even taking into account the real estate purchase, you are concerned that the acquisition of property at more than the appraised value may be prohibited.
Within a limited context, we advise that the purchase of this property is not prohibited by law as long as the City can document that there is no other method which would be at least as cost effective. If there is, then we are of the opinion that the utilization of this alternative method is not appropriate.
Article VII, Section 14(A) of the 1974 Constitution prohibits, inter alia, the donation of funds, credit, property or things of value of the state. This has previously been interpreted by this office to include the proposed purchase of real estate by a local political subdivision at two and one-half times the appraised value. See: Opinion No. 89-581 (Dec. 29, 1989). Obviously, without any extenuating circumstances, it follows that the purchase of real estate at five times the appraised value would likewise be illegal.
However, you have advised this office, with supporting exhibits, that even considering this purchase the third alternative would still be the least expensive. In our view, this circumstance would necessarily have a bearing on whether the transaction is authorized because it would not seem logical to interpret Article VII, Section 14(A) so as to cause the project to bemore expensive and more of a burden on the public fisc. Accordingly, it would seem to us the better view would be to consider the land transaction within the context of the entire project to determine whether it is legally viable. Since the third alternative is still the least expensive, we do not believe there has been an unauthorized donation of public funds.
Of course, this assumes that there is no other method whereby this project can be accomplished as cheaply. The burden is on the City to demonstrate that the third alternative which includes the purchase of private property at five times its appraised value is still the least expensive in terms of a public expenditure of funds.
The City must consider all reasonable avenues to accomplish the drainage project, other than the purchase of this property, which may be at least as cost effective. In this regard, we advise that the City should take a strong and detailed look at expropriation as a viable alternative to a negotiated price. La. R.S. 33:4621
authorizes municipalities and parishes to expropriate and otherwise acquire private property for any public purpose for which they are organized. This includes the general laws of expropriation as contained in La. R.S. 19:1, et seq. and more particularly, La. R.S. 19:101, et seq. It would seem to us that, under the circumstances, expropriation would be the more reasonable method but there may be circumstances which mitigate its use of which we are not aware.
Consequently, it is our advice that the City should strongly consider expropriation in order to accomplish the needed public drainage improvement. If the ultimate cost of the expropriation, together with the other project costs, could increase the value of this particular method, or if other circumstances mitigate its use, in that event, a private negotiated purchase at the price set by the purchaser would, in this limited context, be appropriate.
If we may be of further assistance in this matter, please advise.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ DAVID C. KIMMEL Assistant Attorney General
DCK/jb